# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

TAVORIS L. JOHNSON,        )
                             )
     Plaintiff,        )
                             )
v.                         )        CV417-192
                             )
JOHN WILCHER, Sheriff,    )
                             )
     Defendant.       )

FILED
Scott L. Poff, Clerk
United States District Court

By James Burrell at 11:16 am, Jan 02, 2018

## REPORT AND RECOMMENDATION

This civil case was opened when plaintiff Tavoris Johnson objected to the Magistrate Judge's recommendation that his joint-prisoner case, CV417-181, be dismissed because the Prison Litigation Reform Act does not allow prisoners to proceed jointly *in forma pauperis*. He amended that Complaint to seek relief solely on his own behalf (doc. 1), and submitted his Prisoner Trust Fund Account and Consent to Collection of Fees forms in support of his motion to proceed *in forma pauperis* on his own (docs. 4 & 5). After filing dismissal documents in the other case, Johnson was ordered to indicate whether he still wished to proceed on his own in this case. Doc. 6. He has done so. Doc. 7. The Court now

screens his Complaint under 28 U.S.C. § 1915A.[1]

Plaintiff is an inmate at Chatham County Detention Center.  *See*
doc. 1 at 3.   Recently, the coastal areas of the Southeastern United
States, including Chatham County, Georgia, were threatened by a
hurricane.   In response to that threat, Georgia's Governor issued a
mandatory evacuation order for Chatham County.  *See* Greg Bluestein*,
Hurricane Irma: Deal Orders Mandatory Evacuation of Coastal Georgia,*
ATLANTA        JOURNAL-CONSTITUTION        (Sept.       7,       2017),
http://www.ajc.com/news/state--regional-govt--politics/hurricane-irma-
deal-orders-mandatory-evacuation-coastal-georgia/YhTJpean3NzWwAj
NMY DR5H/.  Sheriff Wilcher exercised "his discretion" in declining to
evacuate the prisoners despite the mandatory evaluation notice, and
plaintiff seeks $150,000 in punitive damages arising from that decision

---

[1]  Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No.
104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in
federal court by prisoners and other detainees.  Among the PLRA's procedures is the
requirement for this Court to conduct an early screening in all civil cases of any
complaint in which a prisoner seeks redress from a government entity or official.  *See*
28 U.S.C. § 1915A.  The purpose of the early screening is to "identify cognizable
claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous;
(2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek
monetary relief from a defendant immune from such relief.  *Id.*  Therefore, the Court
examines plaintiff's Complaint to determine whether he has stated a claim for relief
under 42 U.S.C. § 1983.

and placement in another jail facility while awaiting resolution of his state criminal case.  *See* doc. 1 at 3 & 5-6.

Liberally construed, Johnson alleges a violation of his Eighth Amendment rights.  The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Although the amendment does not require comfortable prisons, it prohibits inhumane ones.  *Id.*  To establish an Eighth Amendment claim based on prison conditions, an inmate must meet both an objective component, which requires that the conditions be "sufficiently serious," and a subjective component, which requires that the officials acted with "deliberate indifference to prisoner health or safety."  *Jordan v. Doe*, 38 F.3d 1559, 1564 (11th Cir. 1994) (internal quotes omitted).

"[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotes omitted); *see also Harris v. Thigpen*, 941 F.2d 1495, 1511 (11th Cir. 1991) (basic human necessities include food, clothing, shelter, sanitation, medical care, and personal safety).  Both the duration

3

and severity of prison conditions are relevant to the determination of whether the Eighth Amendment has been violated. *See Chandler v. Crosby*, 379 F.3d 1278, 1295 (11th Cir. 2004).

But "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Thus, only the "unnecessary and wanton infliction of pain" gives rise to a viable Eighth Amendment claim. *Hudson*, 503 U.S. at 5.

Here, plaintiff contends that by declining to evacuate him, Sheriff Wilcher violated the Constitution. But the Eighth Amendment does not authorize judicial reconsideration of "every governmental action affecting the interests or well-being of a prisoner." *Campbell v. Sikes*, 169 F.3d 1353, 1362 (11 Cir. 1999) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1988)). If prison conditions are merely "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Chandler*, 379 F.3d at 1288-89. Plaintiff does

4

not contend beyond even the most speculative of allegations that he was actually endangered by Hurricane Irma, much less that Sheriff Wilcher was deliberately indifferent to a known risk to his safety. *See* doc. 1 at 5 (the Governor had issued a preemptory mandatory evacuation notice when Irma appeared to be headed for the Georgia coastline); *see also* *Davidson v. Cannon*, 474 U.S. 344 (1976) (deliberate indifference requires a state of mind more blameworthy than mere negligence, or even gross negligence); *Whitley*, 475 U.S. 312 (it is more than a lack of ordinary due care for a prisoner's safety). Nor does he allege that he has in fact been harmed -- only that there was a hurricane and he was not evacuated before it skirted the coastline and failed to endanger him at all. Doc. 1 at 5; *see* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner . . . without a prior showing of physical injury."). Nothing rises to an Eighth Amendment claim here.

Accordingly, Tavoris Johnson's Complaint should be **DISMISSED with prejudice**. Meanwhile, it is time for Johnson to pay his filing fee. His PLRA paperwork reflects a current balance of -$714.73, with an average monthly balance of $710.80 for the past several months. Doc. 5. He therefore owes an initial partial filing fee of $0. *See*

28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist"). Plaintiff's custodian (or designee) shall therefore set aside and remit 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document

should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  2nd  day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA